IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CJBRUNO ENTERPRISES, INC., a New Jersey Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>FRANCHISE CAPITAL SOLUTIONS, LLC, a Nebraska Limited Liability Company; and APRIL DRAVIE, an individual;<br><br>Defendants. | **8:25CV728**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's, April Dravie's, Objection, Filing No. 71, to the Magistrate Judge's Order, Filing No. 70. For the reasons stated herein, the Court overrules the Objection.

## I. BACKGROUND

Plaintiff, CJBruno Enterprises, Inc. ("CJBruno"), filed this suit alleging Defendants, Franchise Capital Solutions and its business development manager, April Dravie, engaged in a scheme to induce Plaintiff to take out a business loan to start a franchise restaurant that Defendants knew was unlikely to be financially viable. Plaintiff alleges a scheme whereby Dravie worked with an employee of the Franchisor, Stephen Mullett, and received a kickback for every franchisee who closed a loan.

Dravie filed a motion for Rule 11 sanctions, alleging Plaintiff had filed a frivolous lawsuit as demonstrated by Plaintiff's counsel's representations a lawsuit filed against Mullett in Illinois, which Dravie contends are directly in conflict with the allegations in the present suit. In particular, Dravie contended that the Illinois lawsuit alleged Mullett was

the one to receive kickbacks rather than Dravie. In Dravie's mind, this meant Plaintiff had filed a lawsuit it knew to be factually unsupported.

The Magistrate Judge denied the motion for sanctions. Filing No. 70. She found that the two lawsuits were not factually incompatible because it was possible to envision scenarios in which both Mullett and Dravie received compensation for incentivizing the loans and both suits were in the early stages, prior to discovery providing additional facts and clarity. For example, the Magistrate Judge conceived it could be that "though the money may have been flowing from Dravie to Mullet for kickbacks, Dravie may have received improper commission for actions based upon the allegations in the complaints." Filing No. 70 at 5.

Dravie filed an Objection to the Magistrate Judge's Order denying her motion for sanctions.

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to hear and determine a nondispositive pretrial matter. 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's order on a nondispositive matter by filing an objection. Fed. R. Civ. P. 72(a). "A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

## III. ANALYSIS

Dravie has filed an "objection" to Magistrate Judge's order but does not actually state an objection to any of the Magistrate Judge's factual findings or legal conclusions. *See* Filing No. 71. Instead, Dravie seeks leave to file additional supporting documents

and new arguments premised on these documents. *See* Filing No. 71-1. She argues that additional pleadings in the Illinois lawsuit further support her contention that Plaintiff's lawsuit is frivolous.

First, to the extent Dravie's pleading can be construed as a statement of objections, the Court finds Magistrate Judge's order was not clearly erroneous or contrary to law. As the Magistrate Judge noted, the fact that, prior to the commencement of discovery, Plaintiff cannot state all the details of how the alleged kickback scheme worked does not render its pleadings evidentiarily unsupported or sanctionable. *See* Filing No. 70 (Magistrate Judge's order). The Court concurs in this analysis.

Second, to the extent Dravie seeks to introduce new evidence and legal argument, the Court declines to allow her to do so. The proposed documents and new argument were not presented to the Magistrate Judge in conjunction with Dravie's motion for sanctions. "The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work." *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)). "It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate [judge]." *Id.* A party "[i]s required to present all of his arguments to the magistrate judge, lest they be waived." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Just as parties cannot present arguments to the appellate court that they did not raise before the district court, "[p]arties must take before the magistrate [judge], not only their 'best shot' but all of their shots." *Id.* (internal quotation marks omitted).

The Court is cognizant of Dravie's argument that she could not have presented these facts and arguments in conjunction with her original motion because the documents were not filed until later. Other procedural mechanisms may exist for Dravie to make her new arguments and present new evidence, but an objection to the Magistrate Judge's order is not such an avenue. Accordingly,

IT IS ORDERED:

1. Defendant's, April Dravie's, Objection to the Magistrate Judge's Order, Filing No. 71, is overruled.

Dated this 28th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge